Westinghouse Electric Manufacturing Company v. H. Troell.

Decided October 22, 1902.

1.—Foreign Corporation—Citation—Service.

Service upon the local agent here of a foreign corporation doing business in this State is sufficient. Rev. Stats., art. 1223.

2.—Same—Appearance.

Where a foreign corporation appears for the purpose of objecting to the jurisdiction of the court, this operates as an appearance to the next succeeding term.

3.—Same—Place of Contract—Guaranty.

The agent of a foreign corporation contracted in G. County, Texas, to sell plaintiff certain machinery to be delivered f. o. b. in Pennsylvania, guaranteeing it and agreeing to correct any defects in its material or operation that might develop in thirty days. The contract was subject to approval by an executive officer of the company, and was so approved. Held, that under the statute providing that "a foreign corporation doing business in the State may be sued in any county where the cause of action or a part thereof accrued," a plea of privilege by the defendant asserting its right to be sued in another county where it had a local agent was properly overruled.

4.—Warranty—Extent of Recovery—Notice—Return of Property.

Where an article of machinery sold on a warranty of quality is wholly worthless, the purchaser may recover the entire value of such an article as was warranted, and he is not required to give notice of the defect, or offer to return the article, or to return other apparatus bought therewith, but not defective, as a condition precedent to such right of recovery.

5.—Assignment of Error—Statement.

Where an assignment of error is to the admission of evidence, and the evidence is not stated in the propositions made under the assignment, and the page of the transcript where it may be found is not cited, the assignment will not be considered.

6.—Witness—Expert Evidence.

Where witnesses qualified themselves as expert machinists familiar with the operation of machinery, they were competent to testify as to whether an electric motor was operated under normal and proper conditions.

Appeal from the District Court of Guadalupe County. Tried below before Hon. M. Kennon.

*Gregory & Batts,* for appellant.

*Dibrell & Mosheim,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover $1800 alleged to have been paid by him to appellant as a part of the purchase money for one 75 horse power poly-phase motor sold by the former to the latter, and alleged to be entirely worthless, and also to recover $100 freight paid by appellee on the same from Pittsburg, Pa., to Seguin, Texas.

The appellant answered (1) by a plea to the jurisdiction, in which it alleged that it was a corporation incorporated under the laws of Pennsylvania, and a citizen of that State, and was not then and had not been in the State of Texas; that it was not doing business in Texas and had not been when the contract was made; that the contract upon which the suit was based was not a contract made in said State, nor to be performed therein; that J. E. Johnson, upon whom service was had, was only authorized to receive and submit propositions from citizens of Texas to defendant at its office in Pennsylvania, and was not an agent upon whom process could be served, and that neither the cause of action sued upon nor any part thereof accrued in Guadalupe County. (2) By a plea of privilege in which it alleged that it is a foreign private corporation, with an agent in this State, whose duty it is to solicit orders, such orders to be submitted to the company for acceptance or rejection, and if accepted to be filled from Pennsylvania; that J. E. Johnson was such agent and that it had no other representative in the State of Texas; that at the time of the institution of this suit, said agent resided in Travis County; that the contract sued on was not executed nor to be performed in Guadalupe County, and that the cause of action did not arise therein, nor any part thereof. (3) By general and special exceptions and general and special denials.

The court overruled appellant's pleas of jurisdiction and privilege, as well as the exceptions to plaintiff's petition. The cause was tried before a jury and a verdict returned and judgment entered in favor of appellee for the amount sued for.

*Conclusions of Fact.*—On the 5th day of February, 1897, appellant was and ever since has been a private corporation, chartered under the laws of the State of Pennsylvania, and was and has been doing business in the State of Texas, it having an agent in the conduct of its business who resided in Travis County. On the day and year last stated appellant's agent, while in Guadalupe County, Texas, entered into a written contract with appellee by which he agreed to furnish him f. o. b. cars at the point of shipment (Pittsburg, Pa.), certain electrical machinery and apparatus, including the motor, the value of which is sued for, at prices stipulated in the contract. By the contract the appellant expressly guaranteed that the generators specified therein would generate electric energy to their rated capacity without undue heating, and would do their work in a successful manner, providing they were kept in a proper condition and operated under normal conditions, and the purchaser supplied competent supervision for their operation. It agreed at its own

expense to correct any defects of labor or material in the apparatus which might develop under normal and proper use, within thirty days from the starting thereof, provided the purchaser give the company immediate written notice of such defects. The contract expressly provided that the title to the apparatus sold should not pass from the company until all payments should have been made in cash; that the purchaser shall do all acts necessary to perfect and maintain such retention of title in the company. In order to insure the purchaser against any possible loss or expense by reason of adverse claims under patents based upon the use of any of the electrical apparatus covered by the contract, the company agreed that the purchaser should not be disturbed in the use of said electrical apparatus on litigation based upon such adverse claims, and to that end agreed at its own expense to defend any and all suits or proceedings that might be instituted against the purchaser for the infringement or alleged infringement of any patent or patents by the use of any of said apparatus, provided such infringement should consist in the use by the purchaser in the regular course of its business of said apparatus or parts thereof, and provided the purchaser should not be in default in its payments therefor, and should give the company immediate notice in writing of the institution of the suit or proceeding, and permit the company through its counsel to defend the same, etc. The contract was made subject to the approval of an executive officer of the company, and expressly provides that it shall not be binding upon appellant until so approved. It was so approved by the company on February 17, 1897. In pursuance of the contract, the appellant thereafter furnished appellee the electrical machinery, and apparatus purchased by him f. o. b. cars at Pittsburg, Pa., to be thence transported and delivered to him at Seguin, Guadalupe County, Texas. At the time of the sale it was contended by the parties that the machinery and apparatus should be received in Guadalupe County, installed and operated there by the appellee and in view of this understanding, the contract was entered into, the machinery delivered f. o. b. in Pittsburg under the guaranty and stipulations made by appellant in the contract of sale. The undisputed evidence shows that appellee paid appellant $1800 for the motor in question, and $100 freight thereon when it was received by him with the other machinery in Seguin. It sufficiently appears from the evidence that the motor, together with the machinery connected with it, was properly installed and operated under normal conditions; that it did not generate electric force to its rated capacity by at least one-half, nor operate without undue heating; that it is absolutely worthless for the purpose for which it was purchased and to the use intended by the parties to be made of it when the contract was entered into, and that it was of no value for such purpose or use when shipped by appellant from Pittsburg to the appellee at Seguin, Texas; that appellant was duly notified by the appellee of the failure of the apparatus to perform its functions; that appellant, though it sent an agent for that purpose, was unable to and failed to make the motor operate or perform the offices for

which it was manufactured, sold, and purchased; that it having proved, after being properly installed, kept in proper condition, and operated under normal conditions, under competent supervision to its operation, unfit and unable to do its work in a proper and successful manner,—appellant having failed and being unable to correct its defects,—appellee returned the motor to the company and demanded from it the price.paid therefor and the money paid as freight thereon, which demand was refused by appellant.

*Conclusions of Law.*—1. As it appears from the facts that, while appellant is a foreign corporation, it was doing business in this State and had a local agent here (upon whom service was had) when appellee's cause of action accrued and the suit was instituted, the court did not err in overruling appellant's plea to its jurisdiction. Rev. Stats., art. 1223; Connecticut, etc., Co. v. Spratley, 127 U. S., 602, L. E., 569; Henrietta, etc., Co., v. Johnson, 173 U. S., 221, L. E., 675. Besides, the appearance of appellant for the purpose of objecting to the jurisdiction of the court operated as an appearance to the next succeeding term of the court. York v. State, 73 Texas, 651; Life Insurance Co. v Hanna, 81 Texas, 487.

2. Article 1194 (subdivision 25), Revised Statutes, provides that, "Foreign or private corporations or public corporations * * * not incorporated by the laws of this State, and doing business within this State, may be sued in any court within this State having jurisdiction over the subject matter, in any county where the cause of action or part thereof accrued, or in any county where such company may have an agent or representative, or in any county in which the principal office of such company is situated; or where the defendant corporation has no agent or representative in this State, then in the county where plaintiff or either of them resides." A cause of action is made up of the contract and the breach of it. It takes these two parts at least, in this and like cases, to constitute the whole cause of action within the meaning of the statute quoted; otherwise the added phrase "or a part thereof" would be without meaning. Western Wool Comm. Co. v. Hart, 20 S. W. Rep., 131; Phillio v. Blythe, 12 Texas, 124; Railway v. Hill, 63 Texas, 383; Harvey v. Insurance Co., 16 S. E. Rep., (W. Va.), 581; Mortgage Co. v. Weddington, 2 Texas Civ. App., 373. The contract having been made and entered into between the parties in Guadalupe County (for its approval by an executive officer of the company in Pennsylvania related to the time and place it was made, and was only a ratification of it), we must hold, under the authorities cited, that a part thereof accrued or arose in that county, and that appellant's plea of privilege of being sued in the county of the residence of its agent was properly overruled.

3. The court did not err in overruling appellant's general and special exceptions to plaintiff's petition, for where, as in this case, an article sold on a warranty of quality is wholly worthless, the purchaser is en-

titled to recover the entire value of such article as was warranted, and notice of the defect or offer to return the property to the seller is not in any respect a condition precedent to the buyer's right to maintain an action for the breach of warranty. Ash v. Beck, 4 Texas Ct. Rep., 882, 68 S. W. Rep., 53, and authorities cited. Nor was it necessary for appellee to return other apparatus, which was not defective, purchased under the same contract, as a prerequisite to his right to sue on a breach of warranty for that which was worthless.

4. The evidence, the admission of which is complained of in the thirteenth and fourteenth assignments of error, is not stated under appellant's proposition made under these assignments, nor is the page in the transcript showing where it can be found stated in appellant's brief. Therefore these assignments will not be considered.

5. H. and Otto Troell, having qualified themselves as expert machinists, familiar with the operation of machinery, were competent to testify as to whether the motor was operated under normal and proper conditions, and it was not error for the court to admit their testimony referred to in appellant's fifteenth assignment.

6. The charge properly presented the law applicable to the pleadings and facts in this case. Therefore, none of the assignments of error urged against it; or any of those complaining of the court's refusal to give special charges asked by appellant, are well taken.

7. Our conclusions of fact dispose of the assignments which complain of the insufficiency of the evidence to support the verdict adversely to appellant.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.