WRIGHT v. M. M. GRAVES CO.   (No. 1252.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 21, 1917.)

CORPORATIONS ⟨⟩503(2)—VENUE — ACTIONS ON CONTRACT.

Where a contract, subject to confirmation by defendant corporation, was executed by plaintiff and defendant's agent in L. county, and was confirmed by a telegram submitted to plaintiff, and consented to by him in L. county, the agreement was completed there, and plaintiff's action for breach was properly brought in such county, although defendant resided in another, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2308, subd. 4, providing that suit upon a contract in writing can be brought ·in the county in which such contract was to be performed, and subdivision 10, providing that suits against private corporations may be brought in any county in which the cause of action arose.

Appeal from Lubbock County Court; J. H. Moore, Judge.

Suit by L. B. Wright against M. M. Graves Company. Plea of privilege was sustained, and the cause ordered removed to another county, and plaintiff appeals. Reversed and remanded.

Bean & Klett, of Lubbock, for appellant. W. H. Bledsoe, of Lubbock, for appellee.

HALL, J. Appellant Wright sued appellee, a corporation, in the justice court of precinct No. 1, Lubbock county, to recover damages to the extent of $187.50, for breach of a written contract previously entered into by and between the parties. Defendant filed a plea of privilege in the justice court, alleging that it was a corporation; that at the time of the institution of the suit and at the time of service of process, the company's principal office and domicile were in the city of Houston, in precinct No. 1, Harris county, Tex., and prayed that the cause be transferred to the justice court of said last named precinct. This plea was sustained by the justice of the peace, and upon appeal to the county court it was again sustained, and the cause ordered removed as prayed for.

The controversy is presented here upon one assignment of error, and the proposition is advanced that the venue of a suit against a private corporation for breach of contract is maintainable in the precinct where the contract was made, on the ground that the cause of action, or a part thereof, arose there. The contract introduced in evidence states that the appellee has sold to L. B. Wright, of Lubbock, Tex., certain merchandise described in the order, and further contains these two provisions:

"Terms cash, as shipped. All bills date from bill of lading and are payable with Houston exchange, it being hereby agreed that all moneys due under this contract are to be paid and all obligations imposed hereby are to be performed and discharged in Houston, Harris county, Tex."

"It is understood and agreed that all representations and agreements on which this contract is based are embodied herein, subject to confirmation of M. M. Graves Company."

The following telegram was introduced in evidence:

"Houston, Texas, March 17, 1915. Luther Williams, Plainview, Texas. Confirm Wright and Kelsey sales, provided price is basis Texas common points as specified on our quotations, customers paying the differential in freight to Lubbock and Lorenzo. * * * M. M. Graves Co., Inc."

There is an agreed statement of facts in part as follows:

"It is agreed that the defendant, M. M. Graves Company, is a corporation with its domicile in Houston, Harris county, Tex.; that it has never had an office or agent in Lubbock county, Tex.; that the contract sued on was signed by L. B. Williams for M. M. Graves Company, as sellers, and by plaintiff, L. B. Wright, as purchaser in the said L. B. Wright's store in precinct No. 1, Lubbock county, Tex., on March 16, 1915, the said L. B. Williams taking the original of the contract, and the plaintiff, L. B. Wright, taking the carbon copy thereof; that on March 17, 1915, the said Williams, while in Plainview, received a telegram from Graves, which has been introduced in evidence; that in a day or two said Williams called at said store and showed plaintiff said telegram, and told him said contract was confirmed, said telegram

being directed to Luther Williams, who it is agreed is L. B. Williams."

Vernon's Sayles' Civil Statutes, art. 2308, relating to venue in the justice court, provides as follows:

"Every suit in the court of a justice of the peace shall be commenced in the county and precinct in which the defendant, or one or more of the several defendants, resides, except in the following case, and such other cases as are or may be provided by law."

Subdivisions 4 and 10 of this article, being part of the exceptions referred to in the above quotation, are as follows:

"4. Suits upon a contract in writing promising performance at any particular place may be brought in the county and precinct in which such contract was to be performed."

"10. Suits against private corporations, associations and joint-stock companies may be brought in any county and precinct in which the cause of action or part thereof arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

In the case of Western Wool Commission Co. v. Hart (Sup.) 20 S. W. 131, the Supreme Court, approving the commissioners' decision, held:

" * * * In the case under consideration the plaintiff seeks a recovery on the ground that 'a part of the cause of action arose' in Howard county, Tex. That a part of it arose in that county is manifest, because if the facts [the dealings and transactions between plaintiff and Robinson, appellant's agent in Howard county] be eliminated from this controversy, plaintiff could not recover. That part of the cause of action which arose in that county is so essential to the existence of the cause of action as a whole that there would be none without it. It has been held that, where 'the cause of action, to be within the jurisdiction of the court, must have arisen within its territorial jurisdiction,' the phrase means the whole cause of action.' This necessarily includes every fact to be proved to entitle the plaintiff to succeed, and every fact the defendant would have a right to deny. 3 Am. & Eng. Enc. of Law, p. 46, note 1. It was doubtless one of the purposes of the Legislature to authorize the plaintiff to sue in those counties where 'a part of the cause of action arose' against corporations, and not to restrict him to the vigorous requirement that every fact necessary to constitute the whole cause of action should occur in a county to give jurisdiction."

In Mangum v. Lane City Rice Milling Co., 95 S. W. 605, Pleasants, J., said:

"Under section 23, art. 1194, suits against private corporations may be brought in any county in which the cause of action or a part thereof arose, and it is well settled that a cause of action growing out of a breach of contract arises, in part, in the county in which the contract was made, although the breach may wholly occur in a different county. A cause of action consists of the right of the plaintiff, as well as of the injury to that right, and when the right arises from or is based upon a contract, such right comes into existence at the time or place of the making of the contract, and it necessarily follows that a cause of action

growing out of a breach of contract arises, or comes into existence, in part, at the place at which the contract was made."

The statute above quoted does not require that the plaintiff shall file his suit in the county where the obligation is made payable, but subdivision 4 expressly provides that it may be brought in such county, and according to the clear language of subdivision 10, when the suit is against a private corporation, the plaintiff may institute it in the county and precinct in which a part of the cause of action arose. As said by the Supreme Court, in Carro v. Carro, 60 Tex. 395:

"Those exceptions which are of a dissenting character are provided for the benefit of the plaintiff, and give him choice between the different counties in selecting the place in which he will commence his action. Kinney v. McCleod, 9 Tex. 78. * * * If these are all discretionary, being enacted for the advantage of the plaintiff, we see no reason why he should not have the full benefit of the enactment, and be allowed to choose which of them he will adopt."

In the light of the above-quoted language from article 2308, under the agreed statement of facts that the contract was executed in Lubbock county, it is our opinion that the court erred in sustaining the plea of privilege and ordering the transfer to Harris county.

The appellee contends that, since the contract provided that it was subject to confirmation of M. M. Graves Company the contract was not binding in the county where it was made, but became binding only at the time and place where it was approved by the company. As shown, this contract was approved by the telegram quoted above upon the conditions named in it, and when the telegram was submitted to appellant the conditions were assented to, thus completing the agreement in Lubbock county. In Westinghouse E. & Mfg. Co. v. Troell, 30 Tex. Civ. App. 200, 70 S. W. 324, Neill, Justice, discussing the consummation of a contract which was subject to approval, said:

"A cause of action is made upon the contract and breach of it. It takes these two parts, at least, in this and like cases, to constitute the whole cause of action, within the meaning of the statute quoted; otherwise the added phrase, 'or a part thereof,' would be without meaning (citing authorities). The contract having been made and entered into between the parties in Guadalupe county (for its approval by an executive officer of the company in Pennsylvania, related to the time and place it was made, and was only a ratification of it), we must hold, under the authorities cited, that a part thereof accrued or arose in that county, and that appellant's plea of privilege of being sued in the county of the residence of its agent was properly overruled."

For the reasons stated, the judgment is reversed, and the cause remanded.