## HOUSTON PACKING CO. v. CUERO COTTON OIL & MFG. CO. (No. 7818.)

(Court of Civil Appeals of Texas. Galveston. Jan. 30, 1920. On Motion for Rehearing, March 4, 1920.)

Venue ⬥⟷7—Suit for breach of contract for sale of oil properly brought in county where contract accepted.

Where a packing company agreed by telephone to sell certain cotton seed oil to a cotton oil company domiciled in another county, and subsequently the sale was confirmed in writing by the packing company at its domicile, and the contract sent to the purchaser and accepted by it in the county of its domicile, acceptance took place in the latter county, and in an action for breach suit was properly brought in such county, within Rev. St. art. 1830, subd. 24, authorizing suit to be brought in any county wherein cause of action or a part thereof arose.

Appeal from District Court, De Witt County; John M. Green, Judge.

Action by the Cuero Cotton Oil & Manufacturing Company against the Houston Packing Company. Defendant's plea of privilege to be sued in its home county was overruled, and it appeals. Affirmed.

Hutcheson, Bryan & Dyess, of Houston, for appellant.

Davidson & Bailey, of Cuero, for appellee.

⬥⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GRAVES, J. Appellant, Packing Company, was sued in De Witt county by the appellee, Cuero Cotton Oil & Manufacturing Company, upon the cause of action here involved, instead of in Harris county, where the defendant company's domicile and principal office were located, and it complains upon this appeal of the overruling of its plea of privilege to be sued in its home county. No other question is presented. The material facts were these:

Both litigants are Texas corporations; the domicile and principal office of the Packing Company being, as stated, in Harris county, and in the city of Houston, while that of the Cuero Oil Company was in Cuero, De Witt county. Mr. Terrell, a broker of such products, by calling up the manager of both these companies in their offices in Houston and Cuero, respectively, from his own office in Houston, arranged by mutual agreements through telephone conversations on September 27, 1917, for the Packing Company to sell the Cotton Oil Company a tank carload of cotton seed oil for delivery in January following. On the next day the Packing Company confirmed this agreement by sending to the Cuero Oil Company, at Cuero, the following contract in writing:

"Houston Packing Company.

"Contract No. S. C. 1791.

"Cuero Cotton Oil & Manufacturing Co., Cuero, Texas.
          "Houston, Texas, Sept. 28, 1917.

"Gentlemen: We confirm sale of cotton seed oil to you as follows:

"Date of sale: September 27, 1917.

"Broker: E. H. Terrell & Co.

"Quantity: One (1) tank car loads, each of 160 barrels capacity.

"Grade of oil: Prime crude cotton seed oil.

"Contents of each tank to be considered on its own merits, as to weight, quality, and refining loss, irrespective of any other carload or shipment.

"Shipment to be made January, 1918.

"Price, $1.13 per gallon, loose, f. o. b. TCP.

"Terms: Demand draft with bill lading attached, on Cuero Cotton Oil & Mfg. Co., for full amount of invoice, without exchange.

"Weight and quality is guaranteed at destination.

"Tank cars: Shipment to be made in buyer's tank cars, and routing to be at buyer's direction.

"Remarks: The present rules of the Texas Cotton Seed Crushers' Association regulating transactions in cotton seed products, modified by the foregoing specific terms and conditions, to be part of this contract, and, subject to such modifications, all differences which arise are to be settled in accordance with said rule.
                    "Houston Packing Company,
                    "[Signed] T. F. Maurin.

"Accepted: ———— 191—.

"Cuero Cotton Oil & Mfg. Co.,
"[Signed] Per Thornton Hamilton, Manager."

Thereupon, when this document reached him in his office at Cuero, Mr. Thornton Hamilton, the Cotton Oil Company's manager, just as he had from the same place the day before done over the telephone with reference to the preliminary verbal agreement it evidenced, accepted the written contract, either by signing his name to it as appears from its terms, or by recognizing and acting upon it as valid and binding without signature, that formality not being necessary under the rules of the Texas Cotton Seed Crushers' Association. Then in May, 1918, the Cotton Oil Company, in filing this suit in De Witt county for the breach thereof, consisting of the failure to deliver the car of oil as agreed, declared upon this contract in writing, alleging, among other things, that the cause of action forming its basis, as well as a part thereof, arose there, and that the defendant Packing Company had an agent and representative in that county, within the meaning of subdivision 24 of article 1830, Revised Statutes, in the person of M. D. Bennett.

In addition to the facts already stated, and upon the agency issue, it was shown upon the hearing that this Mr. Bennett, upon whom service was had against the Packing Company in the suit, was and for 20 years before had been a representative of that company; that he lived permanently in Cuero, De Witt county, and operated as the company's agent and representative in seeking out, soliciting, and buying cattle for it in a large scope of territory extending from Cuero west to the Rio Grande river, being regularly employed by it in such capacity on a salary; that his headquarters for carrying on the business were in Cuero; that there was almost a constant run of cattle from southwest Texas to the plant of the Houston Packing Company, which had been passed on, bought, and accepted by Mr. Bennett on the range for the company, and that in buying the cattle he issued to the sellers memorandum contracts on blanks furnished to him for the purpose by it—no contract or trade he ever made for the company having been repudiated, and its business consuming well nigh his entire time.

We conclude that, upon both grounds alleged, the venue was properly laid in De Witt county. A contract is made at the place where it is accepted, and that the one in writing for the breach of which this action was brought was confirmed and accepted for the Cotton Oil Company by Mr. Thornton Hamilton in the company's office at Cuero is shown by the undisputed evidence; having been so confirmed and accepted in De Witt county, it was therefore made there. Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co., 203 S. W. 79; Life Ass'n v. Harris, 94 Tex. at page 35, 57 S. W.

635, 86 Am. St. Rep. 813; Wright v. Graves, 198 S. W. 998. And, if made in that county, this suit for damages for the breach of the contract was at least in part a cause of action that arose there, for "cause of action," as used in our statute, is uniformly held to include both the contract itself and the breach of it. Railway v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Mortgage Co. v. Weddington, 2 Tex. Civ. App. 373, 21 S. W. 576; W. Co. v. Troell, 30 Tex. Civ. App. 200, 70 S. W. 324; Iron Works v. Reeves, 43 Tex. Civ. App. 254, 95 S. W. 739.

That under the facts shown Mr. Bennett was an agent or representative of appellant in De Witt county, within the meaning of subdivision 24 of article 1830, is in our opinion equally clear; the applicable portion of that provision is this:

"Suits against any private corporation, association or joint-stock company may be commenced in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

It will be noted that the disjunctive form of expression in what is otherwise also a rather broad designation is used, indicating, as we think, that no particular kind of representative, at least, was meant, even if that was in mind with reference to the sort of agency intended. While it may be true, as was said in Mangum v. Milling Co., 95 S. W. 605, and Plow Co. v. Biggerstaff, 185 S. W. 341, especially in the circumstances in those cases appearing, that no mere nomadic drummer or traveling salesman would constitute such an agent or representative as the quoted statute contemplated, Bennett's status here presented quite a different situation; he was the regularly employed representative of the Packing Company, and had been for more than 20 years, was paid a monthly salary, and operated as the corporation's only representative in a large territory, with actual headquarters for the business at Cuero, where he permanently resided; and surely he was forwarding the particular line of business for which it was organized and acting for it, within the purposes of its incorporation, in procuring for it the cattle it was engaged in slaughtering and marketing in the form of prepared meats. See Bay City Iron Works v. Reeves, 43 Tex. Civ. App. 254, 95 S. W. 740, supra.

Believing that no error was committed in overruling the plea of privilege, the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

Through some error it was stated in the original opinion that service against the Packing Company in this suit was had upon its Cuero representative, Mr. Bennett; that recitation, being a mistake, is now stricken out.

Appellant very earnestly again insists, upon rehearing, that the offer which determines the situs of the making of the contract here involved was both presented to and accepted by it in Houston; that the testimony of Mr. E. H. Terrell, of Houston, who was acting as agent for the Cotton Oil Company in buying the car of oil for it, conclusively established that as a fact. But we cannot agree that such is the state of the evidence, because, even if the telephone conversation antedating the written contract sued upon is looked to, it is found, not only that both Mr. Terrell and Mr. Hamilton considered the former without authority to conclude the purchase of the oil without referring the matter back to the latter, but that in fact that course was pursued and the agreement to consummate the transaction was made or confirmed by Mr. Hamilton in Cuero; his statement about it was this:

"The contract was accepted in Cuero, Tex., over the telephone, and these brokers mailed confirmation to me from Houston. Mr. Terrell rang me up over the telephone and made an offer to me on behalf of the Houston Packing Company, conforming to this contract, and I accepted it over the telephone. * * * At the time I made that agreement, I was in the office of the Cuero Cotton Oil & Manufacturing Company in Cuero, De Witt county, Tex. If I signed the contract for the purchase of the oil involved in this suit, I signed it here in Cuero, De Witt county, Tex."

To the same effect Mr. Terrell testified:

"The contract for a sale of a car of oil from the Houston Packing Company to the Cuero Cotton Oil & Manufacturing Company on or about September 27, 1917, which forms the basis of this suit, was made through me as broker. I recall how the trade was made. On the date mentioned I called Mr. Hamilton on the long-distance telephone. * * * On completion of the long-distance conversation with Mr. Hamilton, I immediately called up Mr. Maurin, of the Houston Packing Company, and put up to him the proposition as authorized by Mr. Hamilton, as stated above, and he accepted the same, whereupon I immediately telephoned Mr. Hamilton that I had made the trade for him with the Houston Packing Company, which he confirmed as being in accordance with his original proposition."

We therefore still think our former determination that the contract was made in Cuero to be correct, and overrule the motion.

Overruled.