### AYNESWORTH v. PEACOCK MILITARY COLLEGE.　(No. 1715.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 1, 1920.)

1. **Venue ⬅➡7—Contract by letters and telegrams held made at place from which acceptance of offer was sent.**

As respects venue, a contract by letters and telegrams was made in C., where plaintiff's letter and telegram, accepting defendant's offer by letter and telegram, was sent from C.

2. **Corporations ⬅➡503(2)—Cause of action on contract arises in part in the county where it was made.**

Within Rev. St. art. 1830, subd. 24, providing that suits against private corporations may be commenced in any county in which the cause of action or any part thereof arose, a cause of action on contract arises in part in the county where the contract was made.

3. **Schools and school districts ⬅➡8—Petition for rescission of contract for breach in forcing pupil to leave held sufficient.**

In the absence of special exceptions, a petition seeking to recover from a military school an amount paid for board, tuition, etc., for plaintiff's son, *held* to state a cause of action for rescission of the contract and recovery of a proportionate part of the consideration for defendant's breach of the contract, forcing plaintiff's son to leave the school.

4. **Pleading ⬅➡34(3)—Every presumption in favor of sufficiency, in absence of special exceptions.**

Every presumption must be indulged in favor of the sufficiency of the pleading, in the absence of special exception.

Appeal from Childress County Court; M. J. Hathaway, Judge.

Action by Joseph H. Aynesworth against the Peacock Military College. From a judgment sustaining a plea of privilege, plaintiff appeals. Reversed and remanded.

C. A. Williams, of Wichita Falls, for appellant.

W. B. Howard, of Childress, for appellee.

BOYCE, J. The appellant brought this suit against the appellee in the county court of

Childress county, alleging that on January 1, 1920, he paid the defendant the sum of $380, for "board, tuition, supplies, and other incidentals necessary for the keeping of plaintiff's son for the remainder of the school year of the defendant, in its college;" that the plaintiff's son remained in the school only three or four days, and was forced to leave on account of the treatment received there; that, whether this last allegation be true or not, the son did leave in about four days. It was further alleged that the defendant was claiming to have enlisted the plaintiff's son under a contract signed by the plaintiff, which made its catalogue a part of such contract and that by the terms of said catalogue, so made a part of said contract, the plaintiff forfeited any right to the return of any money upon the voluntary withdrawal of the pupil; that the plaintiff was induced to sign such contract by the fraud of the defendant. The plaintiff sought to recover said sum of $380, less such amount as should be awarded the defendant for the services rendered while his son was in the school.

The defendant is a corporation having its principal office in Bexar county, and pleaded its privilege of being sued there. The court sustained this plea, and the appeal is from this judgment of the court.

[1, 2] The plaintiff lived in Childress county, and the contract between him and the defendant for the board and tuition of his son was evidenced by telegrams and letters exchanged by the plaintiff at Childress and the defendant at San Antonio. The plaintiff, by letter and telegram sent from Childress, accepted the offer made by the defendant and transmitted to the plaintiff at Childress by letter and telegram, so that it may be said that the contract was made in Childress. Houston Packing Co. v. Cuero Cotton Oil Mill Co., 220 S. W. 394; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co., 203 S. W. 79. It is settled by the decisions of this state that a cause of action, based upon a contract, arises in part in the county where the contract was made, even if the contract was to be performed or was breached in another county. Phillio v. Blythe, 12 Tex. 124; Western Wool Commission Co. v. Hart (Sup.) 20 S. W. 131. So it followed that, if plaintiff's cause of action is based on the contract referred to, he might properly bring the suit in Childress county, where it was made. R. S. art. 1830, subd. 24; Mangum v. Lane City Rice Mill. Co., 95 S. W. 605; Wright v. Graves, 198 S. W. 998, and other authorities already cited.

[3, 4] The plaintiff's petition is very meager and indefinite, and it is only by indulging every presumption in its favor that we can say that it states a cause of action at all. It seems to be the pleader's idea that the contract is severable, and that the plaintiff could recover when his son left school, whether or not there was any breach on the part of the defendant of any of its obligations under the contract. We doubt the sufficiency of the allegations to support a cause of action on this theory. Peirce v. Peacock Military College, 220 S. W. 191, and authorities there cited; 35 American & English Enc. of Law, p. 816. The allegation that plaintiff's son was forced to leave college on account of the treatment received by him is also very general and indefinite, and creates a doubt as to whether the pleader intended to charge a breach of the contract by the defendant, entitling the plaintiff to rescind it and recover a proportionate part of the consideration paid by him. Since we must indulge every presumption in favor of the sufficiency of the pleading, in the absence of special exceptions, we are inclined to think that we should hold that the petition is sufficient to state a cause of action on this ground. It does appear that plaintiff is basing his cause of action, if he has any, on the contract, and we conclude that he has a right to litigate it on the merits in the county in which the contract was made.

Reversed and remanded.