OWENS REFINING CO. v. SCHWEITZER.
(No. 8693.)

(Court of Civil Appeals of Texas. Galveston May 12, 1925.)

1. Venue ☞7—Contract held not one in writing, promising performance in county of plaintiff's residence.

Contract for sale of cars of gasoline, f. o. b. refinery held not one in writing, promising performance in county of buyer's residence, giving county court therein jurisdiction of action on such contract under Rev. St. art. 1830, subd. 5.

2. Appeal and error ☞994(3), 1012(1)— Credibility of witnesses and weight of their testimony for trial court.

Credibility of witnesses and weight to be given their testimony are questions to be passed on by trial court.

3. Appeal and error ☞1010(1)—Trial court's finding, sustained by evidence, not disturbed.

Trial court's finding that final proposal made by defendant, culminating contract sued on, was accepted by plaintiff in county of his residence, held sustained by plaintiff's testimony, and not subject to be set aside on appeal.

4. Venue ☞7—Contract made by letter, telegram, or telephone message construed as made at place where final proposal accepted.

Contracts made by transmission of letter, telegram, or telephone message are to be construed as made at place where final proposal is accepted.

5. Venue ☞7—Defendant held suable in county of plaintiff's residence in which contract sued on was made.

Contract sued on having been made in county of plaintiff's residence, in that final proposal was accepted therein, held that, under Rev. St. art. 1830, subd. 24, defendant corporation could be sued on such contract in county of plaintiff's residence.

Appeal from County Court, De Witt County; Stanley Kulawik, Judge.

Action by W. H. Schweitzer against the Owens Refining Company, wherein defendant filed plea of privilege. From a judgment overruling its plea of privilege, defendant appeals. Affirmed.

Chambers, Wallace & Gillis, of Cameron, for appellant.

Durell Miller, of Yoakum, and H. W. Wallace, of Cuero, for appellee.

LANE, J. Appellee brought this suit against appellant in the county court of De Witt county, to recover certain damages for breach of a certain contract.

The plaintiff alleged substantially: that on the 17th day of September, 1923, he was a dealer in gasoline at Yoakum, Tex., under the trade-name of Yoakum Oil & Supply Company. That on said date he made a verbal contract with the defendant, Owens Refining Company, a Texas corporation, with its domicile at Cameron, in Milam county, Tex., for the purchase of eight cars of gasoline, to be shipped from Minerva, Tex., to plaintiff at Yoakum, Tex., within four months from said contract, same to be paid for by sight draft attached to bill of lading for each car upon receipt by the plaintiff. That defendant agreed to reduce the contract to writing. That defendant did reduce the contract to writing and sent the same to plaintiff at Yoakum. That said contract was as follows:

"Owens Refining Co.

"Petroleum Products.

"Cameron, Texas. ·

"Sales Order. No. 754.

"To Yoakum Oil & Supply Co., at Yoakum, Texas. Date, Sept. 17, 1923. Place, Yoakum, Texas. ·

"Forward to same, via S.A.& A.P. Terms, S/D less 1. Ship at rate of 2 cars each month over four months.

*** Quantity. Description. Price. F. O. B.
8—(Eight T/C 58-60 gasoline. 6¼¢ per gal. Minerva. TORX 104 shipped 9/15 applying on this order.

"————"

"Confirming wire ————.
"Confirming phone ————.
"Confirming letter ————.
"Owens Refining Company,
"By John H. Edwards."

He alleged further that defendant shipped six of the cars called for by the contract, and that the same were paid for by plaintiff in the manner as provided in the contract, but that defendant failed and refused to ship the other two cars; that by such failure and refusal plaintiff was damaged in the sum sued for.·

The defendant in due time, and in manner and form as required by law, filed and presented its plea of privilege to be sued in the county of its domicile, to which plaintiff, in his controverting affidavit, alleged that said suit is based upon a contract in writing, executed by defendant, to be performed in De Witt county, Tex., and that a part of the cause of action arose in De Witt county, Tex., and that defendant is a corporation.

It was shown that plaintiff was doing business under the trade-name at Yoakum, Tex., and that the defendant was a corporation with its domicile at Cameron, Tex., as alleged by plaintiff. Plaintiff Schweitzer testified that on or about the 17th day of September, 1923, he called the defendant company over the telephone at Cameron, and· told· it (through its agent, who proved to be John S. Owens, its president) that he had its quotations, and asked if it would send him 2 cars of gasoline a month for 6 months at the quotations referred to; that in reply to such question, the party speaking said, "No," but that the company would ship him 2 cars a month for 4 months; that he said to the speaker, "All right, send me a written confirmation by mail"; that the speaker for the company said he would send such confirmation; and that he received such confirmation by mail. The written confirmation was that pleaded by the plaintiff, above copied. He testified further that the defendant company shipped him 6 cars under the contract, and that.for the purchase price of such cars it made sight draft on him. through the Yoakum State Bank, in Yoakum, De Witt county, with bills of lading attached; that he talked to the agent of the company, who at the time was in Cameron, in Milam county, over the phone, while he (the plaintiff) was in Yoakum, De Witt county; that he

was almost sure that he did the telephoning from his home, which is in De Witt county.

John S. Owens testified as follows:

"My name is John S. Owens. I reside in Cameron, Tex., and I am now, and was on September 17, 1923, president of the Owens Refining Company. That company is a corporation, ·and its office is in Cameron, Milam county, Tex. The refinery is at Minerva, Milam county, Tex. The defendant has no office in Yoakum at all and no agent there; it has no office and no agent outside of Milam county, Tex. All of its offices and agents reside in Milam county, Tex. It was I who made the contract with the Yoakum Oil & Supply Company through Mr. Schweitzer, or at least I assume that it was he talking over the phone. He called up the company, and I answered the telephone. He wanted to know the price of gasoline for 6 months, and stated that he thought that the price was at the bottom. I told him that the price was 6¼ cents per gallon, f. o. b. Minerva, and I agreed with him that the price was at the bottom, and that I was looking for a rise about the first of the year, and I wouldn't contract to cover over a period of 6 months, but would over 4 months at 6¼ cents, f. o. b. Minerva. He said, 'All right,' that he would make such· a contract, and I asked him what his requirements were, and he said that, if the weather was good, he would use 2 cars per month, but if the weather was bad he would not use over one, and I said then we would cover him for 4 months, of a maximum of 2 cars per month or 8 cars, and if he ordered it out all right, and if he did not he would not have to take it, and he said, 'Well I ordered a car from you on the 15th of the month; let that car apply on this order,' and I said, 'All right,' and the contract was booked accordingly. The confirmation read in evidence was then sent out from the· office in the ordinary course of trade. It was not signed by me, but by Mr. Edwards, the treasurer of the company. It provides, as shown, that the gas was to be; delivered f. o. b. Minerva, which is in Milam county. Nothing was said about the terms, but merely shows sight draft less 1 per cent. That is customary in the oil trade that, when no contract is made to the contrary, it is cash, and sight draft less· 1 per cent. is considered cash. Nothing was said about bills of lading being attached to the draft."

Cross-examination:

"I answered the phone when Mr. Schweitzer called; it was in the daytime. As I stated, he said he wanted a contract with us to cover him 6 months. I told him I couldn't do that; I couldn't cover him over 4 months, and he said he would contract for his requirements for 4 months, a maximum of 2 cars per month, and to let the car ordered on the 15th apply on this order. Nothing was said about bills of lading being attached, nothing was said about sight draft less 1 per cent. That was customary terms, and nothing was said in the contract to the contrary; nothing was said about shipment being open or on shipper's order. When a contract is made it is up to the purchaser to satisfy our treasurer as to that. I did not know anything about his financial standing; I did not sign the confirmation; I did not know

of my own knowledge that bills of lading were attached to the sight draft."

There was other evidence which we do not consider as material to the issues presented by appellant, and therefore the same will not be here stated.

The court overruled the plea of privilege, and the Owens Refining Company has appealed.

Being requested by appellant to file findings of fact and conclusions of law, the court found facts as follows:

"I find that the plaintiff, W. H. Schweitzer, had a telephone conversation with the defendant, Owens Refining Company, on September 17, 1923, on which this suit is founded; the said W. H. Schweitzer then being in Yoakum, De Witt county, Tex., and the defendant, being in Cameron, Milam county, Tex., speaking through its president, John S. Owens; that in that conversation a proposition put by defendant at Cameron was accepted by the plaintiff, at Yoakum; that in that conversation plaintiff requested the defendant to confirm the contract in writing by mail, and defendant agreed to do so; and that, in keeping therewith, the written confirmation copied in the statement of facts was sent through the mails by defendant to plaintiff.

"I further find that said contract and written confirmation included a promise by defendant to make performance at Yoakum, Tex., and that the place of performance was at the freight depot and freight yards of the San Antonio & Aransas Pass Railway Company, at Yoakum, in De Witt county, Tex."

As conclusions of law, the trial court held (1) that since, as shown by the facts, the telephone contract was made by the acceptance by plaintiff, Schweitzer, standing in De Witt county of the proposition made by defendant, Owens Refining Company, while at Cameron, in Milam county, the cause of action or a part thereof arose in De Witt county, and that, by reason of the provisions of section 24 of article 1830, Revised Civil Statutes of Texas, the county court of De Witt county had jurisdiction of the cause of action; and, second, that the contract was one in writing, promising performance in De Witt county, and that the county court of said county had jurisdiction by virtue of the provisions of the fifth section of article 1830.

[1] All of appellant's propositions are in effect an attack upon the finding of the court that the contract was one in writing, promising performance in De Witt county. We do not think the contract was one promising performance in whole or in part in De Witt county, but, to the contrary, we think the contract clearly shows that the gasoline was to be delivered on board of cars at Minerva, in Milam county, and that when so delivered appellant's part of the contract relative to delivery was performed. We must therefore sustain appellant's complaint of such finding of the court, and if such finding was the only ground upon which the trial court based its order overruling the plea of privilege, we would not hesitate to reverse the judgment, but we think the judgment can be sustained upon the finding that the contract was finally made in De Witt county.

Schweitzer testified positively that the final proposal was one made by the Owens Refining Company, speaking over the phone, saying that it would ship him 2 cars of gasoline per month for 4 months at the price and terms agreed upon, and that he accepted such proposal, and requested confirmation in writing.

John S. Owens, president of the refinery company, however, testified that their proposal to ship 2 cars per month for 4 months was changed by a counter proposal of the plaintiff, by which plaintiff agreed to take 2 cars per month for 4 months, provided the company would let a car ordered by him recently theretofore apply on the contract, and that the company accepted the offer last made by the plaintiff.

Based upon the testimony of Owens, appellant contends by his first assignment, which is not supported by any proposition, that the court erred in finding that the proposal of the defendant, made at Cameron, was accepted by the plaintiff in De Witt county, in that the undisputed evidence shows that the offer was made to the defendant at Cameron by plaintiff and was finally accepted by defendant at Cameron.

[2, 3] We have already shown that the plaintiff, Schweitzer, testified that he accepted the final proposal made by the defendant, in De Witt county. The credibility of the witnesses and the weight to be given their testimony were questions to be passed upon by the trial court. The trial court, as has already been shown, found that the final proposal made by the defendant company was accepted at Yoakum, in De Witt county. Such finding of the trial court is sustained by the testimony of Schweitzer, and we are therefore not authorized to set aside such finding.

[4] It seems to be well settled that contracts made by the transmission of letters, telegrams, and phone messages are to be construed as made at the place where the final proposal is accepted; that is, at the place where the letter, telegram or phone message making the proposal is received and accepted. Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co. (Tex. Civ. App.) 203 S. W. 81 (4); Mut. Life Ass'n v. Harris, 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813; 1 Elliott on Contracts, § 62, p. 91; Aynesworth v. Peacock Military College (Tex. Civ. App.) 225 S. W. 866; Dallas W. M. v. Early-Foster Co. (Tex. Civ. App.) 218 S. W. 515; Cowdin Grocery Co. v. Early-Foster Co. (Tex. Civ. App.) 237 S. W. 580.

[5] The contract having been made in De Witt county, under the facts of this case, and

following the authorities cited, the appellant, a corporation, could be sued in De Witt county for a breach of that contract. Lummus Cotton Gin Sales Co. v. Mills (Tex. Civ. App.) 233 S. W. 127; Westinghouse Electric Mfg. Co. v. Troell, 30 Tex. Civ. App. 200, 70 S. W. 324; Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co. (Tex. Civ. App.) 220 S. W. 395; Mangum v. Lane City R. M. Co. (Tex. Civ. App.) 95 S. W. 605; Wright v. N. M. Graves Co. (Tex. Civ. App.) 198 S. W. 998.

For the reasons expressed, the judgment of the court below is affirmed.

Affirmed.