## BAY CITY IRON WORKS v. REEVES AND COMPANY.

Decided May 16, 1906.

**1.—Venue—"Local Agent" Defined.**

By agent or representative as used in section 25 of art. 1194, of the Revised Statutes, is meant a fixed or permanent agency in the county in which the suit is instituted; and by the term "local agent" used in article 1223 is meant one who serves his principal in a certain, fixed locality. An attorney at law is not such agent.

**2.—Same—"Accrued" Defined.**

The word "accrued," as used in the statute, means "arose," and suit may be brought in the county in which the cause of action or a part thereof began

to have a legal existence. Facts considered, and held, that the court erred in dismissing plaintiff's suit.

Appeal from the District Court of Matagorda. Tried before Hon. Wells Thompson.

*Gaines & Corbett,* for appellant.—A foreign private corporation not incorporated by the laws of this State, may be sued in any county where such company may have an agency or representative. Rev. Stats, art. 1194, subd. 25; art. 1223; Pacific Mut. Life Insurance Co. v. Williams, 79 Texas, 633.

A foreign corporation not incorporated by the laws of this State, but doing business in this State, may be sued in any county where the cause of action, or a part thereof, accrued.

A cause of action is made up of the contract and the breach of it. Rev. Stats., art. 1194, pars. 5 and 25; Westinghouse Electric & Mfg. Co. v. Troell, 70 S. W. Rep., 324; Darragh et al. v. O'Conner et al., 69 S. W. Rep., 645; Western Wool Commission Co. v. Hart, 20 S. W. Rep., 131; Houston & T. C. Ry. v. Hill, 63 Texas, 383; Equitable Mortgage Co. v. Weddington, 2 Texas Civ. App., 375; Phillio v. Blythe, 12 Texas, 124.

Where a suit is for the foreclosure of mortgage or other lien, same may be brought in the county in which the property subject to such lien, or a portion thereof, may be situated.

Suits for the recovery of rents may be brought in the county in which the rented premises, or a part thereof, are situated.

Where a court has jurisdiction over a part of the subject matter of litigation, in order to avoid a multiplicity of suits, it is proper to embrace any other matters in controversy between the parties. Rev. Stats., art. 1149, subd. 12; Rev. Stats., art. 1585, subd. 5; Heidenheimer v. Allen, 1 White & W., p. 743, sec. 1281; Middlebrook v. Bradley Mfg. Co., 86 Texas, 706; Wilson v. Pecos & N. T. R. Co., 58 S. W. Rep., 183; Foster v. Gulf, C. & S. F. Ry. Co., 91 Texas, 631; McKaughan v. Kellett-Chatham Co., 67 S. W. Rep., 908.

The appearance of the appellant for the purpose of objecting to the jurisdiction of the court operated as an appearance to the next succeeding term of the court.

The filing of an answer to the merits before the disposition of the plea of personal privilege, is a waiver of such plea, and operates as an appearance.

The appearance of the defendant invoking the court's decision upon any question involved, constitutes an appearance and waives the necessity for service. Rev. Stats., art. 1242; York v. State, 73 Texas, 655; Aetna Life Ins. Co. v. Hanna, 81 Texas, 487; Westinghouse, E. & M. Co. v. Troell, 30 Texas Civ. App., 200; Pace v. Potter, 20 S. W. Rep., 929; Evans v. Breneman, 46 S. W. Rep., 80.

*Claude Nowlin* and *Linn, Holland & Austin,* for appellee.—That the judgment of the District Court, sustaining the plea of privilege and dismissing the suit, was correct, because Claude Nowlin, defendant's attorney, was not such a local agent as the statute contemplates, cited: St. Louis & S. F. Ry. v. Trawick, 84 Texas, 67, 68; Red River, S. &

W. Ry. v. Blount, 3 Texas Civ. App., 289; Mutual Life Insurance Co. v. Nichols, 24 S. W. Rep., 911; Gulf, B. & K. C. Ry. v. Texas & N. O. Ry., 64 S. W. Rep., 692; Sharp v. Damon Mound Oil Co., 72 S. W. Rep., 1043; Lindheim v. Muschamp, 72 Texas, 33; Cohen v. Munson, 59 Texas, 237.

That the judgment of dismissal was correct, because the contract nor any part of the same accrued, nor was the same to be performed in Matagorda County, cited: Houston & T. C. Ry. v. Hill, 63 Texas, 383; Westinghouse Electric Co. v. Troell, 30 Texas Civ. App., 200; Equitable Mortgage Co. v. Widdington, 2 Texas Civ. App., 375; Merchants' Oil Co. v. Seeligson, 15 S. W. Rep., 712; St. Louis, S. F. Ry. v. Trawick, 84 Texas, 67, 68; Sharp v. Damon Mound Oil Co., 72 S. W. Rep., 1043; Western Wool Commission Co. v. Hart, 20 S. W. Rep., 132; Cyc., vol. 9-265; Gentry v. Gallin, 14 Texas Civ. App., 422; Summers v. Mills, 21 Texas, 87; Good v. Caldwell, 11 Texas Civ. App., 515.

The action of the court in hearing and sustaining defendant's plea of privilege was correct for the reason that defendant filed its pleas and answers in due order separately at the same time and on the same day; and the plea in abatement (privilege) going to the jurisdiction of the court over the person of the defendant is the first plea and in due order of pleading in the courts of this State. If it was not, it was filed in due time and defendant could not be deprived of a hearing thereon and judgment by the court on the issues raised thereby. It was filed and heard at the first term and prior to any other pleas and answers. St. Louis, A. & T. Ry. v. Whitley, 77 Texas, 130; Equitable Mortgage Co. v. Weddington, 2 Texas Civ. App., 373; Texas & Pac. Ry. v. Childs, 40 S. W. Rep., 42.

That defendant's plea of privilege was filed in due order. Rev. Stats., art. 1262; St. Louis, A. & T. Ry. v. Whitley, 77 Texas, 130; Equitable Mortgage Co. v. Weddington, 2 Texas Civ. App., 372; Texas & Pac. Ry. v. Childs, 40 S. W. Rep., 42; Fairbanks & Co. v. Blum, 2 Texas Civ. App., 482; Pegram v. Owens, 64 Texas, 476; Rev. Stats., art. 1194, subd. 25.

FLY, ASSOCIATE JUSTICE.—Appellant sued appellee to recover commissions on the sales of machinery and rent for a warehouse and it was alleged that appellant was a private corporation chartered under the laws of Texas and that appellee was a corporation incorporated under the laws of the State of Indiana; that appellee had an agent in Texas residing at Dallas, Texas, and an agent who was temporarily in Bay City, Matagorda County, Texas. The suit was alleged to be based on a contract in writing by the terms of which appellant was to handle certain machinery in Matagorda County, and was to receive as compensation commissions on the amounts of gross sales as stated therein. It was further alleged that a contract had been made for the erection of a warehouse, on lots owned by appellant in Bay City, to be used for storing appellee's machinery, which was to be paid for by appellant in installments, the last in November, 1904, and that the building was to be turned over and was turned over to appellant at that time, and that after that day appellant charged ten dollars a month for storage and claimed a landlord's lien on appellee's property therein for the rents. Appellee filed

its plea of privilege to be sued in Dallas County, Texas, which was heard by the court, on the evidence, and judgment rendered sustaining the plea.

The service of citation was made on Claud Nowlin, an attorney at law, who represented appellee, and who was in Matagorda County at the time the citation was served on him for the purpose alone of settling certain litigation and conflicting claims between the parties to this suit. He had never acted as agent for appellee in the sale of its machinery in Matagorda County, or anywhere else, except in a foreclosure suit where he posted notices of sale of certain machinery and signed the same as agent of appellee.

In article 1223, Revised Statutes, it is provided upon whom citation must be served in the case of foreign corporations, among those mentioned being the local agent. By "local agent," as used in the article mentioned must be meant a person who is representing the corporation in the promotion of the business for which it was incorporated, and it was not contemplated that service could be had upon an attorney employed to adjust its claims, or for that matter, to an attorney employed to go to any part of the State to represent it in the settlement of claims to foreclose liens or perform other services not directly connected with the purposes of its organization. Under the construction of the statute contended for by appellant, a corporation could be cited through service on the regularly employed attorney of such corporation either in the county in which the attorney resided or in any county into which he might go to represent the interests of his client. The law evidently contemplates service on a person employed in forwarding the particular line of business for which the corporation was organized, and not every person who may be employed in any capacity by it. Under the theory of appellant a corporation, foreign or domestic, that is engaged in the sale of merchandise, could be sued in any county in the State into which its agents might travel to solicit patronage, and service could be obtained on the corporation by service on the agent or "drummer." By agency or representative, as used in section 25 of article 1194, is meant a fixed or permanent agency in the county in which the suit is instituted, and by the term "local agent" used in article 1223, is meant one who serves his principal in a certain fixed locality.

Subdivision 25, of article 1194, Revised Statutes, is an exception to the general rule, that no person, an inhabitant of this State shall be sued out of the county in which he has his domicile, and has reference to foreign corporations, joint-stock companies or associations alone, and has provisions peculiar to those corporations. In that section it is provided that the foreign corporations, joint-stock companies or associations "may be sued where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or when the defendant corporation has no agent or representative in the State, then in the county where the plaintiffs or either of them reside." Appellee had an agent in Texas and had an office in Dallas, Texas, but had no agency or representative, within the meaning of the statute in Matagorda County, and yet if the "cause of action or a

part thereof accrued" in that county the District Court erred in sustaining the plea of privilege and dismissing the suit. The word "accrued," as used in the statute, can have but one meaning and that is "arose," and if the cause of action arose or began to have a legal existence in Matagorda County the suit should not have been dismissed. To ascertain this fact an examination of the facts becomes necessary.

The contract was made and entered into in Matagorda County, between appellant and a representative of appellee. By the terms of that contract appellee agreed to furnish machines to appellant, which it agreed to sell in consideration of the payment of certain commissions by appellee. The contract confined the right to sell to Bay City and vicinity in Matagorda County. The machines were to be ordered and the freight on them paid by appellant. Everything in connection with the performance of the contract was to be done by appellant in Matagorda County, Texas. Under the construction, placed by the courts of this State, on the words "where the cause of action or a part thereof accrued" the District Court of Matagorda County clearly had jurisdiction of the cause of action. (Phillio v. Blythe, 12 Texas, 124; Houston & T. C. Ry. v. Hill, 63 Texas, 383; Western Wool Commission Co. v. Hart (Texas Sup.), 20 S. W. Rep., 131; Equitable Mortgage Co. v. Weddington, 2 Texas Civ. App., 373; Westinghouse Co. v. Troell, 30 Texas Civ. App., 200.)

In the case last cited this court, speaking through Justice Neill, held: "A cause of action is made up of the contract and the breach of it. It takes these two parts, at least, in this and like cases, to constitute the whole cause, within the meaning of the statute quoted, otherwise the added phrase 'or a part thereof' would be without meaning. . . . The contract having been made and entered into between the parties in Guadalupe County (for its approval by an executive office of the company in Pennsylvania related to the time and place it was made, and was only a ratification of it), we must hold, under the authorities cited, that a part thereof accrued or arose in that county, and that appellant's plea of privilege of being sued in the county of the residence of its agent was properly overruled." Appellee attempts, but fails, to differentiate that case from this. The facts are very similar, and the foreign corporation did not have an agent in Guadalupe County, as stated by appellee, but it distinctly appeared that there was but one agent and that he resided in Travis County. Neither is this a suit upon the vouchers given to appellant, but the petition declares upon the contract, the vouchers being evidence merely of the sums due by appellee under the contract.

The facts in the case of Mortgage Co. v. Weddington, herein cited, are similar to the facts in this case. Appellant and appellees had an agreement by which the latter were to procure loans for the former on real estate in Clay County, Texas, and were to receive certain commissions. Appellant was a foreign corporation with its principal office in Dallas County, and interposed a plea of privilege to be sued in that county. The court said: "By the terms of the contract these loans were to be secured upon lands situated in Clay County. Appellees resided in Clay County, and it was contemplated that at least the greater part of their work would be done in that county. They were employed because they lived in that county, and were expected to solicit loans there. Ap-

pellant, by the terms of the contract, was to send its agent to Clay County to examine and pass upon the value of the lands upon which the loans were to be secured. Under such a contract, for a breach thereof we believe that the cause of action should be held to have arisen, at least in part, in Clay County within the meaning of our statute."

If, as alleged by appellant, appellee owed it for rent of a house in Bay City, the rent was payable in that place and that allegation would give jurisdiction. It may be stated, however, that it appears from the terms of the contract that no rent could have been due by appellee to appellant at that time.

It is urged by appellant that the filing of an answer to the merits, gave the court jurisdiction even though it had none before, and there is authority to that effect, but as we hold that the venue was properly in Matagorda County, that question need not be considered.

The record fails to indicate that the lower court took any action on the motion made by appellant to consolidate this cause with one instituted by appellee against appellant on the same contract. We can not anticipate that the trial court will refuse to consolidate the two suits when it acts upon the motion.

Because the court erred in sustaining the plea of privilege and in dismissing the suit, judgment is reversed and the cause remanded.

*Reversed and remanded.*