## AVERY CO. OF TEXAS v. WAKE-FIELD et al.   (No. 9400.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 20, 1920.)

**1. Corporations ⬅503(1)—Defendant held to have an "agent" within county, so that its plea of privilege was properly denied.**

A local merchant, who sold machinery for a corporation having its headquarters in another county, and who took plaintiff's order for the particular tractor which was claimed not to fulfill the warranty, was an agent or representative of the corporation; hence, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, § 24, action for breach of warranty might be maintained in the county wherein plaintiff and the merchant resided, notwithstanding the corporation's plea of privilege to be sued in the county of its residence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agent.]

**2. Corporations ⬅503(2)—Cause of action held to arise in county of suit.**

Where plaintiff made an oral contract in one county for sale and delivery of a tractor in the county of his residence, and defendant performed by delivering the tractor, which was already in the county of plaintiff's residence, a part of the cause of action for breach of a warranty made at the time of sale arose in the county of plaintiff's residence, within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, § 24; hence, though defendant's headquarters were in another county, action might be maintained in the county of plaintiff's residence, notwithstanding he signed a writing purporting to order the tractor to be shipped from without the state, which contained stipulations and representations in favor of defendant, the stipulations not affecting the verbal contract already made.

**3. Corporations ⬅503(1)—"Local agent," in statute relating to venue, defined.**

The term "local agent," as used in the statute relating to venue, means a person who represents a corporation in the promotion of the business for which it was incorporated, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Agent.]

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Action by C. F. Wakefield against the Avery Company of Texas and another. From a judgment denying the Avery Company's plea of privilege, it appeals. Affirmed.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, and Owsley & Owsley, of Denton, for appellant.

Sullivan, Speer & Minor, of Denton, for appellees.

BUCK, J.   C. F. Wakefield, hereinafter called plaintiff, sued the Avery Company of Texas, a private corporation, and Will Bishop, hereinafter called defendants, in the district court of Denton county.   Plaintiff alleged that he purchased from the defendant Avery Company, whose general offices and headquarters were in Dallas county, through the defendant Will Bishop, who was alleged to be the agent in Denton county of the defendant Avery Company, a certain tractor. He alleged that both the defendants, the Avery Company, at Dallas, and Will Bishop, in Denton county, guaranteed and warranted to the plaintiff that said tractor would by its own power pull certain disc plows, in gangs and combinations from five to eight discs, while breaking his stubble lands and that upon trying and testing said tractor upon his farm it failed to do the work it was warranted to do, and that he reported such failure to the defendant Bishop, who came out to his farm and attempted to induce the tractor to work, but to no avail. He further alleged that the tractor was delivered to him by the Avery Company and by the defendant Bishop at his home in Denton county. He sought a recovery for alleged false and fraudulent statements, representations, and warranties made by both defendants.

The defendant Avery Company filed its plea of privilege to be sued in Dallas county, alleging, among other things, that the defendant Bishop was not the resident agent of the defendant Avery Company, and that said last-named defendant had no representative in Denton county. It further alleged that Will Bishop was not a proper or necessary party to this suit, and that the plaintiff had made him a party to the suit for the purpose of defeating defendant's right to be sued in the county of its residence, to wit, Dallas county.

The plaintiff filed a controverting plea to the defendant Avery Company's plea of privilege, in which plea he averred that Bishop was in fact the resident agent in Denton county of the defendant Avery Company, and was acting as such agent and was soliciting business for the company at the time the contract for the tractor was made. He further alleged that a part of the action accrued in Denton county, in that negotiations were begun in Denton county and were finally consummated there, and that the tractor was delivered to him in Denton county, and that the breach of contract occurred in Denton county. He further alleged that the defendant Avery Company had fraudulently, and for the purpose of taking advantage of the plaintiff, required him to sign some sort of order or contract, the contents of which he did not know, but according to the terms of which, he was informed, the said Avery Company agreed to ship the tractor to him, from Peoria, Ill., f. o. b. He further alleged

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that in truth and in fact the tractor was at the time in Justin, Denton county, and that it was never contemplated by the parties that it should be shipped to plaintiff from Peoria, Ill. Wherefore plaintiff prayed that the plea of privilege be overruled.

A trial was had and evidence introduced, and a judgment was rendered for the plaintiff on defendant Avery Company's plea of privilege, from which judgment the defendant Avery Company has appealed.

The evidence tends to show that Bishop told the plaintiff in Denton county that the tractor, which he later purchased from the Avery Company at Dallas, would do the character of work on the plaintiff's farm for which he was purchasing it, and that upon trial the tractor proved insufficient to do such work. The evidence further tends to show that Bishop, who was a merchant at Justin, Denton county, had been selling tractors for the Avery Company for several years; he had sold a smaller one than the last one purchased to the plaintiff the year before the last contract was made; that the plaintiff complained to him that the first tractor was too small for the work he wanted it to do; that he approached Bishop and asked if the company would take in trade the tractor he had for a larger one; that Bishop told him that he thought the Avery Company would, and the plaintiff accompanied Bishop to Dallas for the purpose of making the deal; that at Dallas it was agreed that the plaintiff would pay the difference in money, which he paid, and that the larger tractor, which was then at Justin, would be delivered to the plaintiff in Denton county. It was so delivered to the plaintiff at his farm near Ponder, in Denton county. The evidence further shows that Bishop received certain commissions for the sale of the Avery Company's goods; that he got $100 commission for the sale of the first tractor to the plaintiff, but that he did not get any commission on the last sale; that he delivered the last tractor to the plaintiff, and that both he and Wakefield knew, at the time of the closing up of the deal, that Wakefield was to get the tractor which was then at Justin.

[1] Article 1830, § 24, V. S. Tex. Civ. Stats., provides:

"Suits against any private corporation, association or joint-stock company may be commenced in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

We are of the opinion that Bishop was such an agent or representative of the defendant Avery Company as to give the Denton county district court jurisdiction of this cause of action. As stated in Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co., 220 S. W. 394, 396:

"It will be noted that the disjunctive form of expression in what is otherwise also a rather broad designation is used, indicating, as we think, that no particular kind of representative, at least, was meant, even if that was in mind with reference to the sort of agency intended."

See, also, Planters' Cotton Oil Co. v. Whitesboro Cotton Oil Co., 146 S. W. 225; Cummer Mfg. Co. v. Kellam Bros., 203 S. W. 463; Bradstreet Co. v. Gill, 72 Tex. 115, 9 S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768.

[2] We also think that a part of the cause of action arose in Denton county; that is, the delivery of the tractor took place in Denton county. Plaintiff alleged that he made a verbal contract in Dallas county for the delivery of the tractor in Denton county. The fact that the plaintiff signed the writing which purported to order a tractor to be shipped from Peoria, Ill., and which writing contained various stipulations and reservations in favor of the Avery Company, would not affect the verbal contract already made, and which was later partially complied with by the defendant, in the delivery to plaintiff of the tractor already in Denton county. The verbal contract was the basis of the cause of action, and for breach of it the plaintiff sued. A part of this cause of action undoubtedly arose in Denton county. As also said by this court in Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co., 203 S. W. 79:

"While jurists have found some difficulty in defining the term 'cause of action,' yet in construing the expression in the subdivision of the statute upon which the claim of venue in Tarrant county is based, it has been held that a 'cause of action' is made up of the contract and its breach."

The breach of contract undoubtedly occurred in Denton county, and the delivery by the plaintiff of the tractor occurred in that county. Hence we are of the opinion that the venue of Denton county district court is sustained by reason of the fact that a part of the cause of action arose in Denton county, as well as by the fact that the defendant Avery Company had an agent or representative in Denton county. Electric Co. v. Troell, 30 Tex. Civ. App. 200, 70 S. W. 324; Iron Works v. Reeves & Co., 43 Tex. Civ. App. 254, 95 S. W. 739; Hunt County Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 451.

[3] In Iron Works v. Reeves, supra, the court undertook to define the term "local agent," and said:

"By 'local agent,' as used in the article mentioned, must be meant a person who is representing the corporation in the promotion of the business for which it was incorporated. * * * The law evidently contemplates service on a person employed in forwarding the particular line of business for which the corporation was organized," etc.

See Wood v. Rice & Fogarty, 118 Iowa, 104, 91 N. W. 902, for a discussion as to the meaning of "agency" under a statute similar to ours.

All assignments of error are overruled, and the judgment is affirmed.