## FARMERS' STATE BANK OF DONNA, TEX., v. SULLIVAN.  (No. 807.)

(Court of Civil Appeals of Texas. Beaumont. April 25, 1922.)

1. Venue ⬥⟳7—Letter and telegram held "contract in writing" performable in county of suit.

A letter, containing an offer to sell automobiles at a stated price f. o. b. plaintiff's city, price payable on draft with bill of lading attached, to which plaintiff replied by telegram, directing shipment of the automobiles, formed a "contract in writing" within the exception to the privilege of defendant to be sued in the county of its residence, contained in Rev. St. art. 1830, exception 5, where a contract in writing is performable in a county other than defendant's residence.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Written Contract or Agreement.]

2. Venue ⬥⟳7—Contract to deliver goods sold is performable at place of delivery.

A contract for the sale of automobile at a price f. o. b. buyer's place of business, payable by draft with bill of lading attached at a

designated bank in such place of business is performable by delivering the automobiles at that place of business so that, if the contract is in writing, the seller may be sued in that county, though it did not reside there.

3. **Corporations ⊚503(2)—Cause of action for breach of contract as affecting venue of suit against corporation held to consist of contract and its breach.**

Within the provision that a private corporation may be sued in any county where the cause of action or any part of it arose, the cause of action for breach of contract is made up of the contract between the parties and its breach.

4. **Venue ⊚7—Contract made where acceptance of offer is given.**

As respects venue, where a contract is entered into through an offer by the seller and acceptance by the buyer the contract is made where the acceptance is given.

5. **Corporations ⊚503(2)—Breach of contract to sell automobiles occurs where they were to be delivered and paid for.**

The breach of a contract to sell automobiles occurs in the county where the delivery was to be made and the automobiles paid for, so that at least a part of the cause of action for such breach arises in that county within Rev. St. art. 1830, § 24, permitting a private corporation to be sued in the county where the cause of action or any part of it arose.

6. **Venue ⊚7—Letter of defendant held offer and not acceptance of previous offer.**

As respects venue, a letter by a bank, referring to a conversation with an officer of the addressee relative to sale of automobiles, in which the bank stated the terms on which it would sell it automobiles, and requested an immediate reply preferably by wire, was an offer by the bank, which became a completed contract by the acceptance of the offer in the county of addressee's place of business, and was not itself an acceptance of an offer made in the conversation referred to.

Appeal from District Court, Harris County; Chas. Ashe, Judge.

Action by A. P. Sullivan against the Farmers' State Bank of Donna, Tex. From a judgment overruling defendant's plea of privilege, defendant appeals. Affirmed.

Wolters, Storey, Blanchard & Battaile, of Houston, and Walter G. Weaver, of Donna, for appellant.

Campbell, Myer & Freeman, of Houston, for appellee.

HIGHTOWER, C. J. This is an appeal from a judgment of one of the district courts of Harris county, overruling a plea of privilege filed by appellant, who was defendant below.

Appellee, who was the plaintiff, filed this suit to recover $1,400, as damages alleged to have been sustained by reason of a breach by appellant of a written contract in which appellant agreed to sell and deliver to appellee, in Houston, Harris county, Tex., four Overland automobiles. It was alleged that appellant was a private corporation, and that the contract concerning the automobiles was in writing, and that it was made in Harris county, and was, by its terms, performable there. Appellee then alleged that appellant wholly breached the contract, and prayed for damages in consequence of such breach.

Appellant filed a plea of privilege, which was in due form, and claimed its privilege to be sued in Hidalgo county, Tex., the county of its domicile. Thereupon appellee filed a controverting affidavit, in which it was alleged that the venue was properly laid in Harris county, for the reason that the suit was upon a contract in writing, performable in Harris county, and also for the further reason that appellant was a private corporation, and the cause of action arose in Harris county. The plea of privilege was heard by the trial court without a jury, and was overruled, to which action appellant duly excepted, and has prosecuted this appeal.

There are two assignments of error in appellant's brief, but they raise substantially the same questions, and are followed by several propositions. The first assignment is as follows:

"The court erred in overruling this defendant's plea of privilege in this cause, for the reason that the undisputed evidence on the hearing of defendant's first amended plea of privilege showed that this defendant was a private corporation, with its office and only place of business in Donna, Hidalgo county, Tex., with no agency or representative in Harris county, and neither the cause of action nor any part thereof arose in Harris county, where said suit is pending, and that defendant had not contracted in writing to perform the obligation sued on in Harris county, Tex."

The facts introduced upon the hearing of the former plea are very brief and without dispute. On December 6, 1919, appellant, Farmers' State Bank of Donna, Tex., wrote and mailed to appellee, at Houston, Tex., the following letter:

"December 6, 1919.

"Mr. A. P. Sullivan, Houston, Texas.—Dear Sir: This letter is in confirmation of telephone conversation between yourself and Mr. Heyck of the Gulf State Bank, Dec. 4th. On that date he mentioned that one of his customers had a number of Overland cars, and after a conversation with you, informed me that you had made an offer of $850.00 f. o. b. Houston.

"We have five Overland cars, model 90—five passenger; serial numbers of these cars as follows: 176326, 176552, 176529, 176555, 176550.

"These cars have been here a little less than sixty days, and we advanced the money to take them off the car, so have had them where we

---

⊚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

could watch them at all times. Four of these cars have never been driven at all, and are in perfect condition, with the exception of one of them, which has the right rear fender bent— this was done in shipping, and the fender has been taken off and a new fender ordered by the firm who unloaded the cars—no other mark on any of these cars. One of the five cars has been driven about 250 miles in demonstration, but is in good condition. However, we will ship you the four cars as they stand, at a price of $850 f. o. b. Houston; and dispose of the car which has been driven, here in Donna. As before mentioned, all four of these cars are new cars, and in perfect condition, with the exception of the fender of the one. These cars will be shipped as soon as possible after we hear from you, bill lading, draft attached, in care of Gulf State Bank. The price of $850.00 about lets us out on these cars, and while we could dispose of them here for more money, prefer to get them all off our hands at once. The freight agent here informs me that he will have no difficulty in getting a car.

"Will you kindly let me hear from you at once, by wire preferably followed by letter.

"Very truly yours,
      "H. S. Ridgeway, Cashier."

Appellee, as a witness in his own behalf, testified, substantially, that he received the letter from appellant above quoted, and that he immediately upon its receipt wired appellant as follows:

"Your letter received in regard automobiles to be delivered at Houston $850.00 f. o. b. Please ship at once, bill lading attached to Gulf State Bank."

He further testified that he, on the same day, wrote and mailed to appellant a letter confirming the telegram. So far as the record before us shows, appellee received no further communication from appellant relative to the automobiles, and on December 22, 1919, appellee wrote appellant from Houston as follows:

      "Dec. 22, 1919.

"Mr. H. S. Ridgeway, Cashier, Farmers' State Bank, Donna, Texas—Dear Sir: Up to date I have not received notification of shipment of Overlands purchased from you as per your letter of Dec. 6, 1919, and my letter and telegram accepting same.

"I have two of these cars sold and have promised delivery the 25th of December. Please let me hear from you at once what date they were shipped.

"Yours truly, A. D. Sullivan & Company,
      "Per ————."

No further evidence of any character was introduced by either of the parties

Appellant's first proposition under the above assignment is as follows:

"The offer to sell the automobiles in question for $850 each f. o. b. Houston, the acceptance of said offer, which was confirmed by letter, and the failure of appellant to deliver said automobiles, f. o. b. Houston, do not constitute such a written contract as to deprive appellant of its privilege to be sued in the county of its residence."

Under this proposition, appellant argues that the evidence offered by appellee in support of his controverting affidavit was not sufficient to establish a written contract which was to be performed in Harris county, nor such a contract which of necessity must be performed in Harris county, and that the evidence was not sufficient to show that said contract would necessarily require appellant to perform its part of same in Harris county.

By counter proposition, appellee answers, substantially, that the offer by appellant to appellee in writing, and the acceptance by appellee in writing, constituted a contract in writing performable in Harris county, Tex., so that appellee was entitled to sue upon said contract in Harris county.

[1] We have concluded that appellee's counter proposition is correct, and is sustained by the facts upon the point in this record. We construe appellant's letter of December 6, 1919, above quoted, as being a full, complete, and definite offer on the part of appellant to sell and deliver to appellee at Houston, in Harris county, Tex., the four automobiles mentioned in said letter at the price of $850 each, with the understanding that a draft attached to the bill of lading accompanying the shipment should be sent to the Gulf State Bank at Houston, in Harris county, Tex., for collection in payment for the automobiles. Appellee's undisputed evidence is to the effect that he accepted said offer upon the exact terms as made by written telegram sent by him to appellant, and on the same day confirmed the telegram by letter. This written offer by appellant and its acceptance by appellee in the manner stated constituted a full and complete contract for the sale and delivery of these automobiles by appellant to appellee at Houston, in Harris county, and therefore the contract was a written one, and was performable in Harris county. Cuero Cotton Oil Co. v. Feeders' Supply Co. (Tex. Civ. App.) 203 S. W. 79; Diamond Mill Co. v. Adams-Childers Co. (Tex. Civ. App.) 217 S. W. 176; Callender & Co. v. Short, 34 Tex. Civ. App. 364, 78 S. W. 366; Seley & Early v. Williams (Tex. Civ. App.) 50 S. W. 399.

As said in Seley & Early v. Williams, supra:

"It is to be observed that exception 5 to article 1194 [present article 1830], does not provide that the contract in writing shall by express words require performance of the contract in a particular county, but if the contract be in writing, and must necessarily be executed in a county different from that of the domicile of the party contracting, then for breach of the contract he may be sued in either of these counties."

[2] In this case, it seems clear to us that the contract between appellant and appellee, evidenced by the written offer of the one and the written acceptance by the other, according to its terms, was necessarily one that had to be performed in Harris county. It is clear from the terms of the offer that appellant was to sell, ship, and deliver these automobiles to appellee in Harris county, and there was to be paid for same; and, the undisputed evidence showing that such offer was accepted by appellee, by his written telegram, confirmed by letter, in the exact terms of the offer, the contract became complete and binding, and appellant was required to perform it by shipping and delivering to appellees at Houston, in Harris county, the automobiles mentioned in the contract, and, if it breached its contract so to do, appellee's suit to recover damages in consequence of such breach was properly filed in Harris county.

[3] And we think that appellee's second counter proposition completely meets and answers appellant's contention that it was entitled to be sued in the county of its domicile. The second counter proposition is:

"It appearing that the defendant is a corporation and that the cause of action, or at least a part of it, arose in Harris county, the venue was properly laid in that county."

[4] The "cause of action," if any, in this case is made up of the contract between the parties, and its breach. Railway v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Iron Works v. Reeves, 43 Tex. Civ. App. 254, 95 S. W. 739; Cuero Oil Co. v. Feeders' Supply Co., supra; Dallas Waste Mills v. Early-Foster Co. (Tex. Civ. App.) 218 S. W. 515. Where a contract is entered into through an offer on the part of the seller and its acceptance by the buyer, the contract is, in legal contemplation, made where the acceptance is given. Insurance Co. v. Harris, 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813; Elliott on Contracts, § 62, p. 91. It is true that the acceptance of the offer must be unqualified, complete, and unconditional before the contract becomes complete. Washington v. Rosario, etc., Co., 28 Tex. Civ. App. 430, 67 S. W. 459.

[5] If there was a breach of the contract between the parties in this cause, the breach certainly occurred in Harris county, because it is very clear from the contract that the automobiles were to be delivered to and accepted by appellee in that county, and that they were to be paid for in that county. Therefore it follows, necessarily, that at least "a part of the cause of action" arose in Harris county. R. S. art. 1830, § 24; Taylor Mill Co. v. Adams-Childers Co., supra; Cuero Oil Co. v. Feeders' Supply Co., supra; Dallas Waste Mills v. Early-Foster Co., supra.

[6] We have not overlooked appellant's contention that the contract in this case was the result of an offer which had been previously made by the appellee and accepted by appellant, as shown, according to its contention, by its letter of December 6, 1919, above quoted. After careful consideration of this contention, however, we find that it is not sustained by the facts. It is manifest that the letter of December 6, above quoted, is a direct and definite offer on the part of appellant to appellee to sell and deliver the automobiles mentioned upon the terms and conditions therein minutely specified; and, as we have shown, the letter requested an immediate reply from appellee, preferably by wire, as to whether the offer would be accepted. It is true, as shown in the quoted letter, that there was a reference to a conversation between appellant's cashier and Mr. Heyck of the Houston Bank, but that is as far as the matter went, in so far as this record discloses, and it is clear that the original offer for the sale of these automobiles came from appellant, as evidenced by said letter of December 6th, and that such offer was unconditionally accepted by appellee in Harris county, by written telegram, confirmed by letter, which completed the contract in writing between the parties in Harris county.

What we have said practically disposes of all contentions made by appellant, and they are overruled, and the judgment of the trial court is affirmed.