## JOHN HANCOCK MUT. LIFE INS. CO. v. TORRANCE. (No. 166.)

(Court of Civil Appeals of Texas. Waco. Feb. 12, 1925. Rehearing Denied March 12, 1925.)

**1. Corporations** &⇒666—**Finding, that local agent of foreign corporation was agent within purview of statute, sustained.**

In action against foreign corporation engaged in loaning money through agents in Texas, evidence *held* to sustain finding that local agent taking applications and performing certain duties respecting them was agent within purview of Rev. St. art. 1830, § 28, so as to permit *suit within county in* which he represented defendant.

**2. Corporations** &⇒666—**Cause of action against corporation for services held to arise in part in county of suit.**

Cause of action against foreign corporation for commissions for services rendered in county of suit in making loans *held* to arise, in part at least, in such county within Rev. St. art. 1830, § 28.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by J. R. Torrance against the John Hancock Mutual Life Insurance Company. From judgment overruling defendant's plea of privilege, it appeals. Affirmed.

Geo. A. Titterington, of Dallas, and W. L. Eason, of Waco, for appellant.

Conway & Scharff, of Waco, for appellee.

STANFORD, J. Appellee sued appellant to recover commissions of $450, alleged to be due him for services performed in procuring a loan for appellant for $22,500 on lands in McLennan county, alleging that appellant was a foreign corporation, engaged in loaning money on real estate in Texas, and that appellant had an office and an agent in Dallas county, Tex., and also an agent, W. A. Roberts, in McLennan county, Tex., on whom citation was served as agent of appellant on August 1, 1923. Appellant filed, in due time and in due form, its plea of privilege, alleging it was a resident of Dallas county and that it was not a resident of McLennan county, and that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article

2308 of the Revised Civil Statutes exists in this cause, etc. Appellee filed a controverting affidavit, alleging: That the court had jurisdiction first because appellant is a foreign, private corporation, incorporated under the laws of Massachusetts, and doing business in Texas, and has an agent in McLennan county, to wit, W. A. Roberts, on whom service had been had; and, second, because appellee's cause of action arose in McLennan county. The issue of venue was tried before a jury, the court submitting two issues, as follows:

"(1) Did all, or a part, of plaintiff's cause of action, as alleged by him, accrue in McLennan county?

"(2) Was W. A. Roberts the agent of defendant of August 1, 1923?"

The jury answered both of said special issues in the affirmative. The court entered judgment on said findings of the jury, overruling appellant's plea of privilege, from which action of the trial court appellant prosecutes this appeal.

Section 28 of article 1830 of our Revised Civil Statutes is as follows:

"Foreign, private or public corporations, joint-stock companies or associations, not incorporated by the laws of this state, and doing business within this state, may be sued in any court within this state having jurisdiction over the subject-matter, in any county where the cause of action, or a part thereof, accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in the state, then in the county where the plaintiffs, or either of them, reside."

As we view this case, the record presents only two questions, to wit: Was W. A. Roberts the agent or representative of the appellant on August 1, 1923, within the purview of the above statute, and did appellee's cause of action, or a part thereof, accrue in McLennan county? Both of these issues were answered by the jury in the affirmative, and if there is evidence to support either of said findings, then the judgment of the trial court must be affirmed.

[1] The evidence clearly shows that appellant is a foreign corporation, organized under the laws of Massachusetts, and has a permit to do and is doing business in Texas of loaning money on real estate, and has been so doing for several years; that E. H. Davis is manager of the loan department of the John Hancock Mutual Life Insurance Company at Dallas, Tex. The evidence shows further that on November 28, 1921, appellee wrote the John Hancock Mutual Life Insurance Company at Boston, Mass., for a contract to represent said company in the Waco district in making loans for said company, and in reply said company referred appellee to E. H. Davis, their manager for Texas at Dallas. Appellee then wrote E. H. Davis, appellant's manager of its loan department at Dallas, and obtained a contract to represent appellant in the Waco territory in making loans, and did so represent said company until about July, 1923; that during said time he closed many loans for appellant on lands in McLennan county, receiving his commissions from the appellant in checks, on which the name of appellant appeared, said checks executed by E. H. Davis, loan agent. This evidence was sufficient to establish the agency of Davis, and tended to show very strongly that E. H. Davis, as manager of appellant's loan department, had authority to employ local agents in other parts of the state. About the time appellee ceased to represent the appellant as such local agent, W. A. Roberts was employed by E. H. Davis, manager of appellant's loan department, to represent appellant in securing loans in McLennan and adjoining counties, and Roberts was so acting as such agent or representative at the time citation was served on him as such agent in this county.

In the case of Bay City Iron Works v. Reeves & Co., 43 Tex. Civ. App. 254, 95 S. W. 739, the court said:

"By 'local agent,' as used in the articles mentioned, must be meant a person who is representing the corporation in the promotion of the business for which it was incorporated. * * * The law evidently contemplates service on a person employed in forwarding the particular line of business for which the corporation was organized," etc.

The John Hancock Life Insurance Company was engaged in loaning money on farm lands in Texas. Said company had an office and a manager of its loan business located at Dallas, Tex. W. A. Roberts, the local agent, was supplied by said manager with all necessary literature, including blank applications, to enable him to properly represent said company. It was his duty under his employment, as shown by the evidence, to secure applications for farm loans, to see that applications were properly filled out, signed, and sworn to, to send said applications to E. H. Davis, manager of the loan department at Dallas, and when an inspector came from Dallas, to take him and show him the land; if the loan was approved, to procure and send to the manager an abstract of the title; if objections were made to the title, it was his duty to have the necessary corrections made; if title was finally approved, deeds of trust, notes, etc., were prepared and sent to the local representative, and it was his duty then to see that they were properly signed and acknowledged and recorded, also included in the abstract. etc.; and finally, when the loan was ready to be closed, a check or checks for the amount of the loan were sent to the local

agent, and by him delivered to the borrower. In doing all of this we think W. A. Roberts was engaged in forwarding the particular business 'in which appellant was engaged, and was an agent or representative within the purview of section 28, art. 1830, of our Revised Statutes. At least, the evidence is ample to support the finding of the jury on this issue. Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co. (Tex. Civ. App.) 220 S. W. 394, 396; Planters' Cotton Oil Co. v. Whitesboro Cotton Oil Co. (Tex. Civ. App.) 146 S. W. 225; Cummer Mfg. Co. v. Kellam Bros. (Tex. Civ. App.) 203 S. W. 463; Bradstreet Co. v. Gill, 72 Tex. 115, 9 S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768; Avery Co. of Texas v. Wakefield (Tex. Civ. App.) 225 S. W. 875.

[2] We think it is equally clear that at least a part of appellee's alleged cause of action arose in McLennan county. Mortgage Co. v. Weddington, 2 Tex. Civ. App. 373, 21 S. W. 576; Westinghouse Co. v. Troell, 30 Tex. Civ. App. 200, 70 S. W. 324; Bay City Iron Works v. Reeves & Co., 43 Tex. Civ. App. 254, 95 S. W. 739; San Jacinto Life Ins. Co. v. Boyd (Tex. Civ. App.) 214 S. W. 482; Avery Co. of Texas v. Wakefield (Tex. Civ. App.) 225 S. W. 875; First Nat. Bank of Jacksonville v. Childs (Tex. Civ. App.) 231 S. W. 807.

Upon the trial of the plea of privilege, under section 28, art. 1830, of our Statutes, it devolved upon plaintiff only to plead a cause of action arising in whole or in part in McLennan county, and to prove that the things performed or done by him, relied upon, or a part of them, were done or performed in said county. In such a proceeding it is not necessary to prove all the elements finally fixing liability. We think the evidence was ample to support the answer of the jury to both of said issues submitted, and that the trial court correctly overruled appellant's plea of privilege.

We have examined all of appellant's assignments of error, and, finding no error, we overrule all of them and affirm the judgment of the trial court.