Evidence *held* insufficient to sustain conviction of possessing intoxicating liquor, found on premises in defendant's absence, in that it failed to connect defendant with possession to exclusion of other parties occupying same premises.

Commissioners' Decision.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Ira Curry was convicted of unlawfully possessing intoxicating liquor, and he appeals. Reversed and remanded.

Briggs & Davis, of Gilmer, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BAKER, J. Appellant was convicted in the district court of Upshur county of the offense of unlawfully possessing intoxicating liquor, and his punishment assessed at five years in the penitentiary.

The only question presented in the record for our consideration is the sufficiency of the testimony to sustain the conviction. The officers, under search warrant, searched the premises in question in the absence of the appellant, and found in the cotton seed house a gallon jug about two-thirds full of corn whisky, and in a closet in the house some whisky, the amount of which is not shown, and also found some other utensils consisting of bottles, jugs, and a couple of kegs on said premises. The appellant, as a witness in his own behalf, denied any knowledge of said whisky being on said premises, and explained the presence of the bottles, jugs, and demijohns by showing that he had obtained same from a garage man for cleaning out an old garage, and that the jugs and demijohns had contained wood alcohol, and was so labeled. The record also discloses that the defendant's father and two grown brothers were living on said premises at the time, exercising all the rights and privileges accorded or enjoyed by appellant; besides there were two other grown persons boarding there. The testimony in this case fails to connect the appellant in any way with the possession of the whisky in question to the exclusion of the other parties occupying said premises, and we therefore hold that the evidence in this respect is insufficient to sustain the conviction under the rule announced by this court in Mathis v. State, 100 Tex. Cr. R. 509, 272 S. W. 204, and authorities therein cited. For this reason we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

———

### WHITE POINT DEVELOPMENT CO. v. SEAGRAVES. (No. 7441.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1925. Rehearing Denied Jan. 6, 1926.)

1. Corporations ⬤⇒503(2)—Evidence that gas was furnished in certain county to private corporation held to show that cause of action arose there.

Under Rev. St. 1911, art. 1830, subd. 24, relating to venue of action against private corporation, evidence that gas was furnished to private corporation in county in which action was brought, and was consumed there, was sufficient to show venue of action therefor in such county.

2. Corporations ⬤⇒503(1)—Person in charge of work for private corporation held its "agent" for purposes of venue.

Person in charge of work of corporation which prospected for coal, minerals, and petroleums in county in which corporation had all its property was its "agent," which means person representing corporation in promotion of business for which it was incorporated, within Rev. St. 1911, art. 1830, subd. 24, permitting suits against private corporation in county in which it has agency or representative.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agent.]

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Action by O. R. Seagraves against the White Point Development Company. From

———

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a judgment denying defendant a change of venue, it appeals. Affirmed.

W. E. Pope, of Corpus Christi, and M. A. Childers, of San Antonio, for appellant.

FLY, C. J. This is an appeal from a judgment of the lower court denying appellant a change of venue from San Patricio to Nueces county. No regard has been paid to statute or rules in preparing the transcript; the style of the case being given as the same appeared in the district court, although the appeal was perfected by the party who was defendant in the district court. The parties are not designated as appellant and appellee, a statutory requirement, and, although the index, so called, gives the names of the different papers copied into the record, no pages are given. Clerks and attorneys should give some attention to the plain requirements of the statutes and rules as to the preparation of transcripts, and this court would rigidly enforce them were it not that the innocent party appealing, and not the negligent persons, would receive the punishment.

[1] The evidence showed that appellant is a private corporation, chartered as an oil company, with the provision that "the place where the business of the corporation is to be transacted is at Corpus Christi, Nueces county, Tex." The corporation, however, is given the authority to contract for the lease and purchase of the right to prospect for, develop, and use coal and other minerals, and petroleums; also the right to erect, build, and own all necessary oil tanks, cars, and pipes necessary for the operation of the business of the same. All the property of appellant was in San Patricio county. Appellant used gas belonging to appellee in San Patricio county to aid in restoring a well owned by appellant. The work was being attended to, and the gas was taken and used by, an agent of appellant.

It is provided in article 1830, exception 24:

"That suits against any private corporation, association or joint stock company may be commenced in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

The testimony showed that the cause of action arose in San Patricio county, and that the appellant had an agent or representative in San Patricio county. The gas was delivered by appellee and consumed by appellant in San Patricio county. Floresville Oil Co. v. Texas Refining Co., 55 Tex. Civ. App. 78, 118 S. W. 196; Railway v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Avery Co. v. Wakefield (Tex. Civ. App.) 225 S. W. 875.

[2] The man in charge of the work being prosecuted by appellant in San Patricio county was its agent.

"By 'local agent,' as used in the articles mentioned, must be meant a person who is representing the corporation in the promotion of the business for which it was incorporated." Bay City Iron Works v. Reeves, 43 Tex. Civ. App. 254, 95 S. W. 739.

Thomas, who was prosecuting the work for appellant at its well in San Patricio county, testified:

"I was employed by the White Point Development Company to do repair work on a well on the White Point lease in San Patricio county, Tex. They employed me to put new connections in that well, and I had general charge of the work. I had authority from the board of directors and officers of the company to get the necessary materials to do the work with. In the course of my employment it became necessary for me to secure gas with which to run the engines and boilers, and I got the gas out of the Seagraves line. * * * I used gas from that line throughout the time of my employment."

Then Dr. Redmon, president of the appellant company, confirmed the act of Thomas in using the gas, and promised to pay for it. This promise, however, was not in writing. Dominic Dunn was the regular agent of appellant in caring for the lease and property in San Patricio, and the gas was furnished appellant with the knowledge and consent of Dunn. Everything in connection with the well owned by appellant was done in San Patricio county. Undoubtedly the cause of action or a part thereof arose in San Patricio county, and the statute in plain terms fixes the venue of the suit there. Article 1830, exception 24.

The judgment is affirmed.