SHAMROCK OIL & GAS CORPORATION v.
TODD et al.

No. 13246.

Court of Civil Appeals of Texas. Dallas.

Nov. 20, 1942.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

C. J. Shaeffer and Lanham Croley, both of Dallas, for appellees.

YOUNG, Justice.

This appeal is from an order overruling plea of privilege of the Shamrock Oil & Gas Corporation, a foreign corporation, to be sued in Potter County where it maintains its principal office and place of business in this state. Trial was to the court, the only ground presented in plaintiffs' controverting affidavit for claiming venue in Dallas County being that F. F. Bokern, the statutory service agent, designated by defendant pursuant to requirements of Art. 2031a, Vernon's Ann.Civ.St. was a resident of Dallas County; and that said Bokern was a representative of defendant within the terms of subdivision 27, Art. 1995, authorizing suits against foreign corporations to be brought in the county where such company may have "an agency or representative."

On the hearing, certain facts were stipulated, and the remaining testimony was undisputed. It was agreed that defendant was a Delaware Corporation, with permit to do business in Texas since August 1935; that its principal office at all times had been in Amarillo, Potter County, Texas; and at no time had it ever maintained an office or place of business in Dallas County, further, that said Shamrock Oil & Gas Corporation had no agency or representative in Dallas County, unless F. F. Bokern, its statutory agent for service, could be considered such "agency or representative."

Other testimony disclosed that Mr. Bokern was a salaried employee of the C. T. Corporation System, a Delaware corporation, being its Dallas Secretary; that the business of the latter concern (C. T. Company) was to furnish a representation system in assisting corporations to keep up with tax laws and regulations to which such customers were subject in the state where they operated, including a loose-leaf service covering all state taxes to date; notifying customers in advance about taxes and as reports became due; and, if subscribers desired, they could. designate the office of the C. T. Corporation in any state as the principal office of the subscriber corporation, and the C. T. Company man in that state as agent for service of process. Defendant Corporation subscribed for this tax service on a yearly basis; the notices and bulletins as to tax reports coming from the New York office of "C. T." The only thing Bokern did for defendant in this instance was to accept the summons and forward same to the C. T. Pittsburgh office, where it was sent (as the witness assumed) to the office of Shamrock Oil & Gas Corporation, at Amarillo. The complete tax service embraced one or more loose-leaf volumes, designed to give all court decisions, regulations, forms, and data relating to taxes; the bulletins sent from New York being form letters covering general state requirements.

We conclude the trial court erred in ruling that a statutory service agent, appointed by defendant pursuant to the requirements of Article 2031a, Vernon's Ann. Civ.St., was a "agency or representative," within the meaning of the particular subdivision (27); and, in holding that venue could be maintained in Dallas County simply because such service agent resided there. Our statutes make no distinction, so far as venue is concerned, between domestic and foreign corporations. Pittsburg Water Heater Co. of Texas v. Sullivan et al., 115 Tex. 417, 282 S.W. 576. In the various cases relating to venue of actions and construction of "agency or representative," as used in subsections 23 and 27, Art. 1995, the term has reference to one who is subject to control of the corporation and authorized to act on its behalf in promoting the corporate affairs and purposes. Bay City Iron Works v. Reeves & Co., 43 Tex. Civ.App. 254, 95 S.W. 739; Avery Co. of Texas v. Wakefield et al., Tex.Civ.App., 225 S.W. 875; John Hancock Mut. Life Ins. Co. v. Torrance, Tex.Civ.App., 270 S. W. 218; Northern Illinois Finance Corporation v. Sheridan, Tex.Civ.App., 141 S.W. 2d 434. In this connection, we approve the following concise argument of appellant: "From an exmination of the holdings in the cases cited, it is submitted that the statutory 'service agent' of defendant (Bokern) is not an 'agency or representative' within the meaning of the venue statute, since he was not subject to the direction and control of the defendant, since he did nothing to further the interest of affairs of the defendant, since he was not employed or paid by the defendant but was an employee of a separate corporation and subject to its control, and since he had no contractual

768

powers or authority. The office or position of service agent is purely and simply a creature of Article 2031a. Of course, the defendant could have appointed a person who was its actual agent or employee as its service agent and venue could have been maintained in the county of such agent's residence, not by reason of the fact that such person had been designated service agent, but by reason of the fact that that person occupied the position of an agency or representative. In this instance the corporation designated as its service agent an outside party. If the corporation had failed to appoint a service agent and had done any act in the State, then by the terms of Subsection (d) of Section 5 of Article 2031a, the Secretary of State of the State of Texas and his successors in office for all intents, effects and purposes would have been the service agent 'as if it had duly executed such Power of Attorney'; or if the defendant had appointed any State Officer, as the American Mutual Liability Insurance Company did when it appointed Honorable Walter C. Woodward, Life Insurance Commissioner of the Board of Insurance Commissioners, as its service agent (American Mutual Liability Insurance Company v. Morgan, 146 S.W.2d 329 (Beaumont C.C.A.1940), then such officer would have become the service agent of the defendant. Surely, under such circumstances, the Secretary of State of the State of Texas, or the Insurance Commissioner, could not be said to be an 'agency or representative' of the defendant, a private corporation. By the same token, it is submitted that F. F. Bokern who had no connection with the defendant, was not an 'agency or representative' of the defendant."

■ Appellees' interpretation of Art. 2031a would add an exception to the venue statute, applicable alone to foreign corporations, where none was intended; because the clear purpose of the Article (2031a) was merely to assure adequate method of service on foreign corporations "hereafter seeking a permit to do business in Texas and those doing business in Texas * * *," or those who "might cease to do business in Texas and have no agent in Texas upon whom process may be served." § 7, see caption and emergency clause of Act, 43rd Legislature, chap. 202, p. 606.

But appellee makes the point that the right to sue and be sued is a charter purpose of corporations; and that Bokern, the service agent, who had the responsibility of notifying defendant of a suit following service upon him pursuant to power of attorney, voluntarily executed by the corporation, is thereby engaged in one of the main purposes of a corporate organization; and is a representative within the named exception. This argument, we think, is sufficiently answered by above excerpt from appellant's brief.

■ In McMullen v. Burton Auto Spring Corporation, 138 S.W.2d 823, opinion by this court, a foreign corporation had been refused a permit to do business in Texas. Notwithstanding this, the Corporation maintained an office and place of business in Tarrant County. Upon being sued in a Dallas court, we held that such defendant was entitled to maintain its venue plea. With equal reasoning, it can be said that the Legislature in enacting Article 2031a, manifested no intention of precluding a foreign corporation, complying with our laws, from urging its valuable defensive right to be sued in the county where its business is transacted within this state.

The order overruling defendant's plea of privilege is reversed and this cause remanded to the trial court, with instructions to transfer same to the proper court of Potter County, Texas.

Reversed and remanded.